David J. Dow, Bar No. 179407
ddow@littler.com
Jocelyn D. Hannah, Bar No. 224666
jhannah@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
Telephone: 619.232.0441
Facsimile: 619.232.4302

Attorneys for Defendant
FIRST STUDENT MANAGEMENT LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUANA LUCIA FOLEY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

FIRST STUDENT MANAGEMENT LLC, an Ohio limited liability company; and DOES 1-50, inclusive,

Defendants.

Case No. ______________________

*[Removed from Tulare Superior Court Case No. VCU320179]*

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

Trial Date: Not Yet Set
Complaint Filed: April 9, 2025

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

TO THE CLERK OF THE ABOVE-ENTITLED COURT, TO PLAINTIFF JUANA LUCIA FOLEY, AND TO PLAINTIFF'S ATTORNEYS OF RECORD:

Defendant First Student Management LLC ("Defendant") hereby files this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and removes this action from the Superior Court for the State of California, in and for the County of Tulare, to the United States District Court for the Eastern District of California. As grounds for removal, Defendant states as follows:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

## II. VENUE

2. Plaintiff originally brought this action in the Superior Court of the State of California, County of Tulare. Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. §§ 84(b), 1441(a), and 1446(a).

## III. PLEADINGS, PROCESS, AND ORDERS

3. Plaintiff JUANA LUCIA FOLEY filed a lawsuit in the Superior Court for the State of California, in and for the County of Tulare, entitled *JUANA LUCIA FOLEY, individually and on behalf of all others similarly situated v. First Student Management LLC, and Ohio Limited Liability Company, and DOES 1-50, inclusive,* Case No. VCU320179 on April 9, 2025 (hereafter, "Complaint"). (Declaration of Jocelyn D. Hannah ("Hannah Decl."), ¶ 2). The Complaint asserts the following causes of action: (1) Failure to Pay Wages Including Overtime Wages; (2) Failure to Provide Meal Periods; (3) Failure To Provide Rest Periods; (4) Failure to Provide Accurate Itemized Wage Statements; (5) Failure to Indemnify Necessary Business Expenses; and (6) Violation of Business & Professions Code § 17200 et seq. The

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.
619.232.0441

allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them.

4. On June 13, 2025, Defendant First Student Management LLC accepted service through a Notice and Acknowledgement of Receipt. Attached hereto as **Exhibit A** is a true and correct copy of the Complaint filed in the Tulare County Superior Court. (Hannah Decl., ¶ 2.)

5. Attached hereto as **Exhibit B** is a copy of the Summons. Attached hereto as **Exhibit C** is a copy of the state court Civil Case Cover Sheet, Notice and Acknowledgement of Receipt served on Defendant, and a copy of the signed Notice and Acknowledgment of Receipt returned by Defendant to Plaintiff on June 13, 2025. The Tulare Superior Court website reflects that on June 16, 2025, Plaintiff filed a "Notice and Acknowledgement of Receipt – Civil (POS-015)" with the court. The Complaint accepted by the Court and attached as Exhibit A is marked on its face with the judicial assignment and sets the date for the first Case Management Conference. The documents comprising Exhibits A-D represent all process, pleadings, and orders served upon Defendant in this matter and/or reflected on the Tulare County Superior Court's website. (Hannah Decl., ¶¶ 3, 5.)

6. On July 14, 2025, Defendant filed an Answer in the Tulare County Superior Court and served a copy of that Answer on Plaintiff's counsel of record. Attached hereto as **Exhibit D** is a true and correct copy of Defendant's Answer. (Hannah Decl., ¶ 4.)

7. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Tulare County Superior Court or served by any party other than as described above. To Defendant's knowledge, no proceedings related hereto have been heard in Tulare County Superior Court.

## IV. TIMELINESS OF REMOVAL

8. An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving service of the initial pleading. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

9. Removal of this action is timely because this Notice of Removal has been filed within thirty days of June 13, 2025, when Defendant was served. *See* 28 U.S.C. § 1446(b); Fed R. Civ. P. Rule 6(1)(c).

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.
619.232.0441

Because Plaintiff served the Summons and Complaint upon Defendant via a Notice and Acknowledgement of Receipt, and the Notice and Acknowledgement of Receipt was signed and returned to Plaintiff on June 13, 2025, the thirty-day period for removal runs through July 13, 2025, which is a Sunday, resulting in the deadline to remove being extended to Monday, July 14, 2025. Fed. R. Civ. P. 6 (extending deadline that otherwise falls on a weekend to the next Monday); *Allen v. Toyota Motor Credit Corporation*, (N.D. Cal., Aug. 1, 2019, No. 19-CV-03062-SK) 2019 WL 10944853, at *2 ("The 30 day deadline to file a notice of removal would therefore have fallen on June 1, 2019; however, because that date was a Saturday, the deadline for removal was Monday, June 3, 2019."); *Pogosyan v. U.S. Bank Trust National Association*, (C.D. Cal., Oct. 22, 2015, No. CV1507085ABRAOX) 2015 WL 12696188, at *2 (applying Rule 6 where the last day of the period for Defendant to file their Notice of Removal fell on Saturday of the Labor Day weekend, and Defendant filed the following Tuesday, the day after the holiday). As referenced above, this Notice of Removal also contains all process, pleadings, and orders that were served on Defendant and reflected on the Tulare County Superior Court's website. (*See* Exhibits A-D.)

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.
619.232.0441

## V. CAFA JURISDICTION

10. CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where there are at least 100 putative class members, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal and is properly removed by the filing of this Notice of Removal.

### A. This Is A Putative Class Action.

11. Plaintiffs filed this action as a class action. (Complaint, ¶¶ 1, 10-20).

### B. The Proposed Class Contains At Least 100 Members.

12. The provisions of CAFA apply to proposed class actions involving 100 individuals or more. 28 U.S.C. § 1332(d)(5)(B). This requirement is met in this case.

13. Plaintiff seeks to represent a putative class consisting of "All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state

of California within four (4) years from the filing of the Complaint in this action until its resolution. (collectively referred to as the 'Class' or 'Plaintiff's Class' or 'Class Members')." Plaintiff additionally seeks to represent subclasses consisting of: "**Sub-Class 1**: All Class Members who are or were employed by Defendants who worked in excess of six or ten hours in a work day but were not provided with a timely, uninterrupted, duty-free thirty-minute meal period (hereinafter collectively referred to as the "Meal Period Subclass"); **Sub-Class 2**: All Class Members who are or were employed by Defendants who worked in excess of three and a half (3.5) or ten hours in a work day but were not authorized and permitted a rest period (hereinafter collectively referred to as the "Rest Period Subclass"); **Sub-Class 3**: All Class Members who are or were employed by Defendants at any time between April 2024 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the "Wage Statement Subclass"); and **Sub-Class 4**: All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass")." (Complaint, ¶¶ 10-11).

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.
619.232.0441

14. As it relates to the putative class, Defendant First Student Management LLC ("First Student") employed at least 6,806 hourly, non-exempt employees in the State of California from April 9, 2021, to the filing of this removal, all of whom worked shifts in California. Thus, CAFA's requirement that the action involve 100 or more individuals is satisfied.

**C. Defendant Is Not A State, State Official, Or Governmental Entity.**

15. CAFA does not apply to class actions where "primary Defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A).

16. Defendant First Student is a corporation authorized to conduct business in California, and is not a state, state official, or other governmental entity exempt from CAFA.

**D. There Is Diversity Between At Least One Putative Class Member And One Defendant.**

17. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes

and not the citizenship of the unnamed putative class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant First Student are citizens of different states.

18. Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court Complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile). In her Complaint, Plaintiff alleges that she "was at all time relevant to this action, a resident of California" and that, at least as of the time of the filing of the Complaint, she remained employed by Defendant in California. (Compl. ¶ 6.) Plaintiff's allegations of California residency, along with her ongoing employment with Defendant in California, supports a rebuttable presumption that she is, and has been, domiciled in California at all times relevant to this removal.

19. Defendant First Student is not a citizen of California. "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). At the time Plaintiff's Complaint was filed, and also as of the time of this Removal, Defendant First Student Management, LLC's sole member is First Student, Inc. Therefore, the citizenship of Defendant First Student LLC is that of its sole member, First Student, Inc.

20. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). First Student, Inc. is incorporated under the laws of the State of Delaware and pursuant to 28 U.S.C. section 1332(c)(1), is therefore a citizen of the State of Delaware.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.
619.232.0441

21. To determine a corporation's principal place of business, courts apply the "nerve center test," which deems the principal place of business to be the state where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). In practice, the principal place of business is "where the corporation maintains its headquarters." *Id.* at 92-93. In other words, a party's principal place of business is where its officers direct, control, and coordinate its activities. *Id*.

22. First Student, Inc. is headquartered at 191 Rosa Parks Street, 8th Floor, Cincinnati, OH 45202, where it has its principal place of business. A majority of Defendant's corporate decisions, including operations, executive, administrative, and policymaking decisions, are made from its Cincinnati, Ohio headquarters. Defendant's management and administrative functions are located in Cincinnati, Ohio. Defendant's "nerve center" and, thus, its principal place of business, is located in Cincinnati, Ohio. Therefore, First Student is also a citizen of Ohio.

23. Based on the citizenship of First Student, Inc. of Delaware and Ohio, Defendant First Student Management LLC is a citizen of Delaware and Ohio, and not California.

24. Defendants Does 1 through 50 are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Pursuant to Section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690-91 (9th Cir. 1998).

25. Accordingly, the named Plaintiff is a citizen of a state (California) different from Defendant First Student (Delaware and Ohio), and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**E. The Amount In Controversy Exceeds $5,000,000.**

26. This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5 Million. 28 U.S.C. § 1332(d).

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.
619.232.0441

27. As an initial matter, Defendant expressly denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, for purposes of removal only, and without conceding that Plaintiff or the putative class is entitled to any damages or penalties, Defendant alleges the amount in controversy for the sole purpose of establishing this Court's jurisdiction. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

28. To that end, solely for purposes of determining whether the amount in controversy has been satisfied, the Court must presume that plaintiff will prevail on her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability.")). The ultimate inquiry is the amount that is put "in controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

29. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The United States Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in section 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* Otherwise, "the defendant's amount in controversy allegation should be accepted" just as plaintiff's amount in controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Dart Cherokee Basin Operating Company LLC*, 135 S. Ct. at 553. "[N]o antiremoval presumption attends cases invoking CAFA." *Id*. at 554.

30. Plaintiff's Complaint does not state a specific amount in controversy but only alleges simply that the "aggregate claim, including attorneys' fees, in under the five million dollar ($5,000,000.00)

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.
619.232.0441

threshold of the Class Action Fairness Act of 2005." (Compl., ¶ 4.) In such a case, it is clear that by merely valuing Plaintiff's rest break and overtime claims as alleged by Plaintiff easily satisfy the $5,000,000 minimum.

**1. Unpaid Minimum Wage**

31. Defendant is entitled to base its calculations, for purposes of calculating the amount in controversy, on the argument and allegations by Plaintiffs regarding minimum wages. In her First Cause of Action for Failure to Pay Wages Including Overtime, Plaintiff alleges:

- "Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week." (Compl., ¶ 51.) Plaintiff further alleges, "[a]t all times relevant, Plaintiff and Class Members regularly performed non-exempt work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR § 11000, et. seq. and the Labor Code." (Compl., ¶ 52.)
- "At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week and Defendant's failed to accurately calculate overtime pay to Plaintiff and Class Members" and that "[a]t all times relevant, Defendants have failed to accurately pay minimum and overtime owed to Plaintiff and Class Members." (Compl., ¶¶ 53-54.)
- "On information and belief, during the relevant time frame, Plaintiff and Class Members typically worked approximately 5 days with approximately nine (9) hour shifts." (Compl., ¶ 27.)
- "Plaintiff is informed and believes, and thereon alleges, that Defendants failed to compensate Plaintiff and Class Members for all time worked resulting in an underpayment of minimum and overtime wages as a consequence of Defendant subjecting Plaintiff and Class Members to off-the-clock work. For instance, **at the end of each shift, Plaintiff and Class Members typically spent approximately 15-30 minutes per day cleaning**

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.
619.232.0441

**the buses which includes disinfecting the seats for the health and safety of Defendants' employees and the child passengers.** As a result of the above practices, Plaintiff and Class Members were not compensated correctly for minimum and overtime wages." (Compl., ¶ 29.)

32. Based on Plaintiff's allegation that all Class Members worked 9 hour shifts, it is reasonable to assume that any off-the-clock work would have been performed during overtime hours. Nevertheless, even taking the most conservative approach and assuming that only minimum wages are owed on the unpaid off-the clock work and using the $14.00 California minimum wage rate for 2021 for employers with 26 or more employees, the amount in controversy on the minimum wage claim alone exceeds $5,000,000. Denying Plaintiff's allegations regarding off-the-clock work, and for the purposes of removal only, in the four-year period preceding the filing of the Complaint, Defendant employed approximately 6,806 non-exempt employees in California who worked approximately 507,757 workweeks. Based on Plaintiff's allegation that each employee worked the minimum amount of 15 minutes of unpaid time each of the 5 days each employee worked each week, each Class Member can be assumed for the purposes of removal to have worked a minimum of 75 mins, or 1.25 hours, of unpaid time per week (15 minutes off-the-clock per shift x 5 shifts = 75 minutes). Therefore, the total amount in controversy for Plaintiff's minimum wage claim as alleged is at least **$8,885,747.50** (507,757 workweeks x 1.25 hours x $14.00 per hour = **$8,885,747.50).** This amount alone is sufficient to satisfy the amount in controversy requirement, and calculating the amount in controversy on off-the-clock work at the overtime rate of pay would further increase the amount in controversy beyond the threshold requirement.

**2. Wage Statement Penalties**

33. In her Fourth Cause of Action, Plaintiff alleges that "Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the Class including applicable hourly rates among other things. Defendants have knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage statements that have been provided to Plaintiff and the Class." (Compl., ¶ 71). Given Plaintiff's allegation that wage statements issued by Defendant were inaccurate because they failed "to accurately report total hours worked by Plaintiff and the Class including applicable hourly rates among





LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.
619.232.0441

other things," it is clear that Plaintiff effectively alleges that all wage statements fail to accurately list the total number of hours worked. *See Duberry v. J. Crew Grp., Inc.*, No. 2:14-cv-08810-SVW-MRW, 2015 WL 4575018, at *6-7 (C.D. Cal. July 28, 2015) (finding it reasonable to apply a 100% violation rate as to the inaccurate wage statement claim); *Korn*, 536 F. Supp. 2d at 1204 (courts may consider maximum penalty in calculating amount in controversy for wage statement claim. Indeed, given that Plaintiff alleges each class member worked 15-30 minutes off-the-clock each day, Plaintiff is clearly alleging a 100% violation rate for wage statements.

34. Labor Code section 226(e) provides for a statutory penalty for violations of Labor Code section 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. Cal. Lab. Code § 226(a). The statutory period for Labor Code section 226(e) penalties is one year. Cal. Code Civ. Proc. § 340.

35. Again, Defendant denies the validity and merit of Plaintiff's wage statement claim. For purposes of removal only, as Defendant has employed at least 4,319 non-exempt employees in California since April 9, 2024, all of whom received wage statements that Plaintiff alleges were defective. Those employees received a total of 126,320 wage statements during that period. Taking into the account the $4,000 cap per employees, wage statement penalties total each employee's wage statement penalties would total **$11,321,950**.

**3. The Aggregate Amount In Controversy Exceeds $5,000,000.**

36. As set forth above, CAFA's amount in controversy requirement is satisfied by considering just each Plaintiff's claims for unpaid minimum wages and wage statement penalties standing alone. Based on the above calculations, Defendant First Student's conservative estimate of the aggregate minimum amount in controversy for the minimum wages and wage statement penalties as alleged in Plaintiff's Complaint is **$20,207,697.50** without inclusion of the remaining causes of action, which would further increase the amount in controversy beyond $5 million. Indeed, given Plaintiff's allegations that class members were "regularly" and "frequently" denied meal breaks and were not permitted to leave the premises for meal breaks, Plaintiff effectively alleges a 100% violation rate for meal breaks. (Compl., ¶¶ 30-36.) Moreover, Plaintiff alleges that class members were "systemically not authorized and permitted

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.
619.232.0441

to take one net ten-minute paid rest period for every four hours worked or major fraction thereof" and that class members were "frequently" required to forego meal breaks. (Compl., ¶¶ 38-40.)

| | Plaintiff's Alleged Claim | Amount in Controversy |
|---|---|---|
| 1 | Overtime | Not Valued |
| 2. | Minimum Wages | $8,885,747.50 |
| 2 | Meal Period Premiums | Not Valued |
| 3 | Rest Period Premiums | Not Valued |
| 4 | Wage Statements | $11,321,950 |
| 5 | Expenses | Not Valued |
| **Total Amount in Controversy** | | **$20,207,697.50** |

37. Accordingly, although Defendant denies Plaintiff's claims, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA notwithstanding Plaintiff's assertion that it does not. (Compl., ¶ 4); *Ibirra v. Manheim Inves., Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015) (a Defendant removing a putative class action need only make a plausible assertion of the amount in controversy in its notice of removal even where the Complaint alleges the amount in controversy does not exceed $5 million.)

38. In light of the above, there is no question that Plaintiff's claims as alleged exceed the jurisdictional minimum. Accordingly, the "amount in controversy" requirement under CAFA is satisfied in this case.

## VI. NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

39. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record, and a copy of the Notice of Removal will be filed with the Clerk of the Tulare County Superior Court.

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.
619.232.0441

Defendant reserves all defenses, including defenses as to sufficiency of service of process, personal jurisdiction, and arbitration.

Dated: July 14, 2025

*s/ David Dow*

David J. Dow
Jocelyn D. Hannah
LITTLER MENDELSON, P.C.
Attorneys for Defendant
FIRST STUDENT MANAGEMENT LLC

4925-4407-2021 / 070991.1236

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.
619.232.0441